UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CR224 CDP |
| | ) | |
| SONNY L. HERBST, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Defendant Sonny Herbst filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), seeking to benefit from retroactive Sentencing Guidelines Amendment 782, which reduced the guidelines range for many drug offenses. Appointed counsel then filed an amended motion seeking the same relief. The Probation Office filed a report indicating that Herbst was not eligible for a reduction because the sentence he originally received was a variance from the guidelines and was below his new guidelines range. The government opposes the motion for reduction for the same reason. I agree that Herbst is not eligible for a reduction in sentence because his sentence is below the new guidelines range, so I will deny his motion.

**<u>Discussion</u>**

Absent statutory authority, the Court cannot reduce a final sentence. Section 3582(c)(2) of Title 18 provides authority for the court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ." In Amendment 782 the United States Sentencing Commission lowered many drug sentencing ranges. The Sentencing Commission determined that the reduction should apply retroactively, and added Amendment 782 to the list of retroactive amendments in U.S.S.G. § 1B1.10(d). Thus, many defendants previously sentenced for drug crimes are eligible for reduced sentences. Unfortunately for Mr. Herbst, he is not one of them.

Defendant Herbst was sentenced to 54 months imprisonment on February 1, 2013, following his guilty plea to conspiracy to manufacture methamphetamine and possession of pseudoephedrine with intent to manufacture methamphetamine. His sentencing guidelines range was 87 to 108 months, and he qualified for the safety valve, so the otherwise applicable 60 month mandatory minimum sentence did not apply to him. I varied from the guidelines range and sentenced him to 54 months imprisonment. Under Amendment 782, his new guidelines range is 70 to 87 months.

Amendment 782 thus lowered the applicable guidelines range, but I nevertheless cannot reduce Herbst's sentence, because the sentence he received is below the amended guidelines range. U.S.S.G. § 1B1.10(b)(2)(A) prohibits reducing a sentence in this situation: " . . . the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guidelines range . . ." Because any reduction from the sentence already imposed would be below the new range, defendant is not eligible for a reduction.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motions to reduce his sentence [#182, # 183] are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of May, 2015.